An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARVIN DWAYNE MOSBY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65770

**FILED**

NOV 12 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order denying a supplemental post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant was convicted pursuant to a jury verdict of one count of larceny from the person and one count of grand larceny, adjudicated a habitual criminal, and sentenced to two concurrent terms of life without the possibility of parole. On direct appeal, this court reversed the conviction for grand larceny. *Mosby v. State*, Docket No. 59839 (Order Affirming in Part, Reversing in Part and Remanding, November 15, 2012). Subsequently, on January 30, 2013, the district court entered an amended judgment of conviction reflecting the reversal of the grand larceny count. On April 3, 2014, appellant filed a supplemental post-conviction petition for a writ of habeas corpus in the district court. The district court denied the petition as procedurally barred because the supplemental petition was

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-37294

filed more than one year after issuance of the remittitur on direct appeal and appellant had not demonstrated good cause to excuse the late filing. *See* NRS 34.726(1).

The label "supplemental" is a misnomer as there was not a post-conviction petition for a writ of habeas corpus filed prior to the filing of the supplement. In a motion for leave to file the supplement, appellant represented that he had submitted a post-conviction petition for a writ of habeas corpus on September 3, 2013.

We cannot affirm the order of the district court denying the supplemental petition as procedurally time barred. It is unclear from the record whether appellant submitted a petition for filing on or about September 3, 2013, and if he did, what happened to cause the petition not to be filed in the district court. If appellant had mailed a petition to the clerk of the district court on September 3, 2013, the petition would have been timely filed. Whether a petition was submitted for filing in September 2013, is of critical importance in determining the procedural posture of this case, and the district court made no inquiry to resolve appellant's assertion that he had submitted a timely petition.

On September 26, 2014, we directed the State to show cause why this matter should not be remanded to conduct an evidentiary hearing on whether a timely petition was submitted. The State has not filed a response to this order. We reverse the order of the district court denying the petition, and we remand for the district court to conduct an evidentiary hearing as to whether a timely petition was filed in this case. If the district court determines that a petition was submitted to the district court for filing in this case but that something occurred to prevent its being filed, the district court shall cause that petition to be filed and

resolve the petition and the request to supplement the petition.[2] If the district court finds that no petition was filed, the district court shall enter a dispositional order on the supplemental petition. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Douglas Smith, District Judge
        Marvin Dwayne Mosby
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]The district court may exercise its discretion to appoint counsel for the post-conviction proceedings. NRS 34.750(1).

[3]This order constitutes our final disposition of this appeal. Any subsequent appeal shall be docketed as a new matter.